Melrolando Warren V-09970
Centinela State Prison   C-2-118
2302 Brown Rd.
Imperial, CA 92551
IN PROPRIA PERSONA

**FILED**
JAN 31 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

MELROLANDO WARREN,  )
          PETITIONER, )
                     )
       VS.           )
                     )
TONY HEDGPETH, et.al., )
         RESPONDENT. )
_____)

CV 08   0754

MOTION FOR STAY AND ABEYANCE

PJH

E-filing

(PR)

TO THE HONORABLE COURT:

   The petitioner, Melrolando Warren, hereby files this motion requesting a stay and abeyance in the above-entitled court. Petitioner submits that in accordance with 28 U.S.C. §2254 being a California State Prisoner is presently seeking relief by ways of petitioning for a writ of habeas corpus in the state courts before presenting said unexhausted claims in the federal district court. Said state petition( Warren v. Hedgpeth) is before the California Court Of Appeal awaiting judgment. Thus in conguence with 28 U.S.C. §2254 a state prisoner seeking federal relief must first exhaust **all** of his constitutional claims in the state court having jurisdiction before filing in the federal court. Therefore, in order to meet AEDPA requirements which states that state prisoner have a 1-year timeline to file with the federal courts from the day their state petition has been given a final judgment in the states highest court i.e. California's Supreme Court. Henceforth, the granting of a stay will guarantee

1

petitioner his U.S. article 1, sect.§9 constitutional right to the privilege of writ of habeas corpus.

Under Rhimes v. Weber, 125 S.Ct. 1528,1532-33 (2005), a prisoner seeking a stay and abeyance must explain: 1) why he failed to exhaust his unexhausted claim in the state court before presenting them to the higher court; 2) That his unexhausted claim(s) are not meritless; and 3) That he is not intentionally delaying resolution of his constitutional claims.(SEE RHIMES)

Henceforth, in accordance with **RHIMES** petitioner submits: 1) The claim is based on factual material outside the appellate record, thus would have been incapable of adequate evaluation and resolution during petitioner's direct appeal, and petitioner was represented by counsel whom failed to exhaust claim on direct appeal; 2) Said unexhausted claim is meritorious:

CLAIM I.

PETITIONER'S IS UNLAWFUL AND UNCONSTITUTIONAL SINCE NEW EVIDENCE THE JURY NEVER CONSIDERED-MEDICAL RECORDS- SHOWS THAT PETITIONER COULD NOT HAVE BEEN THE PERPETRATOR OF THE SUBJECT OFFENCES AS IDENTIFIED. THIS VIOLATES PETITIONER'S RIGHTS AS GUARANTEED BY AMENDMENTS 5, 6, 8, AND 14 OF THE UNITED STATES CONSTITUTION. Herrera v. Collins(1993) 506 U.S. 390.

and 3) petitioner is **not** intentionally delaying resolution of his constitution claim being that he is a state prisoner and laymen of the law, and only wishes to be in accordance with all provisions as to *** adhere to the 28 U.S.C. §2254 AEDPA requirementsand must first exhaust all his claims before filing in the federal court. Hence, external forces beyond his control of the state court's delay is the only reasoning of need for stay.

Therefore, for the aforementioned reasons Petitioner requests and prays for the granting of a stay to ensure his constitutional claims be properly exhausted. Petitioner submits that all said statements are true and accurate under the penalty of perjury.

DATED: January 18, 2008                    RESPECTFULLY SUBMITTED,

*Melrolando N. Warren*
Melrolando Warren
(Petitioner)