UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MELROLANDO WARREN,

        Petitioner,

  vs.

TONY HEDGPETH, Warden,

        Respondent.

No. C 08-0754 PJH (PR)

**ORDER DENYING MOTIONS TO PROCEED IN FORMA PAUPERIS AND FOR STAY AND DISMISSING PETITION WITH LEAVE TO AMEND**

Petitioner, a California prisoner currently incarcerated at Kern Valley State Prison, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He also requests leave to proceed in forma pauperis and has filed a motion to stay the case while he exhausts.

Venue is proper because the conviction was obtained in Alameda County, which is in this district. *See* 28 U.S.C. § 2241(d).

**BACKGROUND**

An Alameda County jury convicted petitioner of kidnaping and rape with a foreign object. He was sentenced to prison for sixty-five years to life. Petitioner unsuccessfully appealed his conviction to the California Court of Appeal and the Supreme Court of California denied review. Petitioner has also filed state habeas petitions.

**DISCUSSION**

**I.    Motion for Stay**

Petitioner presents (1) a claim based on *Batson v. Kentucky*, 476 U.S. 79, 89 (1986), (2) a claim that the court erred in not awarding presentence credits, and (3) a claim that new evidence shows he "could not have" committed the crime. He has moved for a

1 stay while he exhausts the last of these.

2 It is appears from references in the motion that petitioner is aware of *Rhines v. Webber*, 544 U.S. 269 (2005), and its requirement that such stays be granted only upon a showing of good cause for petitioner's failure to exhaust the issues before filing the federal petition, and a showing that the issues which the petitioner proposes to exhaust are "potentially meritorious." *Id.* at 277.

As to good cause, petitioner asserts that the claim was not suitable for consideration on direct review because it is based on facts outside the trial record, and that his appellate counsel failed to raise it. The direct appeal was completed on October 25, 2006, according to petitioner. He also alleges that he filed state habeas petitions, one of which was denied in superior court on September 14, 2007, and another of which was pending in the California Court of Appeal when this petition was filed on January 31, 2008. He says that the issues in the state petitions were the same as those here.

A review of the California appellate courts' website shows that the court of appeal petition was denied on November 27, 2007. That was before the petition was filed here, but petitioner says in the petition that it was pending, so he may not be aware that it has been denied. The same website shows that petitioner has not filed any California Supreme Court habeas petitions. Although petitioner might have made his position a little clearer, the court concludes from this that petitioner wants to exhaust the new-evidence claim by way of state habeas petitions, which is the only practical way to exhaust such a claim, and that he wants the stay so as to be able to do so.

*Rhines* requires a petitioner who seeks a stay to show good cause for the petitioner's failure to exhaust before filing the federal petition. Given that the statute of limitations for filing a federal petition is stayed while state collateral remedies, such as state habeas petitions, are pending, petitioner's claim that his need to file state habeas petitions constituted good cause is unconvincing. He has not shown good cause.[1]

---

[1] If petitioner were to file another motion for a stay and establish by way of a declaration (a statement signed under penalty of perjury) that he did not know that the statute of limitations was tolled by filing state habeas petitions, and so filed this petition prematurely from a

2

Petitioner also has not shown that his new-evidence claim is "potentially meritorious." He says that "medical records" show that he "could not have been the perpetrator," but does not say what the medical records show nor how they bear on his guilt or innocence.

For these reasons, the motion for a stay will be denied.

## II.   Review of Petition

### A.   Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

### B.  Legal Claims

As noted above, petitioner asserts that: (1) his rights as set out in *Batson v. Kentucky*, 476 U.S. 79, 89 (1986), and its progeny, were violated; (2) the court erred in not awarding presentence credits, and (3) new evidence shows he "could not have" committed

---

misunderstanding of the law, that might suffice to establish good cause.

3

the crime.

Claim two is a state-law claim and cannot be the basis for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal habeas unavailable for violations of state law or for alleged error in the interpretation or application of state law). It will be dismissed without leave to amend.

Both claims one and three suffer from the same defect. In claim one petitioner asserts that his *Batson* rights were violated, but provides no factual support whatever. He does not say even say which peremptory strikes by the prosecution were discriminatory. This claim does not meet the requirement that the petitioner state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). Claim three has already been discussed above, and as with claim one, petitioner does not provide enough information. He does not say what the newly-discovered medical records say, nor what it is about them that shows he could not have committed the crime. These two claims will be dismissed with leave to amend.

## CONCLUSION

1. Petitioner's motion for a stay (document number 4 on the docket) is **DENIED** without prejudice to renewing it with proper support.

2. Petitioner's request for an extension of time to file his corrected in forma pauperis application (document 6) is **GRANTED**. The application is deemed timely. In view of petitioner's deposits to his prisoner trust account and his balance, his motion for leave to proceed in forma pauperis (document number 7) is **DENIED**. His earlier motion (document 2) is **DENIED** as moot. He must pay the five dollar ($5) filing fee within thirty days of the date this order is entered (the date the clerk has stamped on the first page) or the case will be dismissed.

3. Claim 2 is **DISMISSED**. Claims one and three are **DISMISSED** with leave to amend within thirty days. The amendment must include the caption and civil case number used in this order and the words AMENDED PETITION on the first page. Failure to amend

4

1 within the designated time will result in the dismissal of these claims.

2     4. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: July 24, 2008.

                PHYLLIS J. HAMILTON
                United States District Judge

28 G:\PRO-SE\PJH\HC.08\WARREN754.DWLTA.wpd

5

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERLROLANDO N WARREN,<br><br>　　　　　Petitioner,<br><br>　v.<br><br>TONY HEDGPETH,<br><br>　　　　　Respondent._____/ | Case Number: CV08-00754 PJH<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 24, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Melrolando N. Warren V-09970
CSP-Corcoran
3A04-140-U
P.O. Box 3461
Corcoran, CA 93212

Dated: July 24, 2008

　　　　　　　　　　　　　　　　　　Richard W. Wieking, Clerk
　　　　　　　　　　　　　　　　　　By: Nichole Heuerman, Deputy Clerk