Mebrolando Warren V-04415

CSP-Corcoran P.O. Box 3461

Corcoran   CA. 93212

Inpropria persona

FILED

AUG 2 2 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

United States District Court

Northern District of California

Mebrolando Warren

        petitioner

vs.

Tony Hedgpeth

Warden    Respondent

case no. C-08-0754-PJH (PR)

2nd motion to Stay
in Abeyance of the
exhausted issue to
exhaust the unexhausted
issues before the
California Supreme
court

Us District Judge
Phyllis J. Hamilton

To: United States District justice
Phyllis J. Hamilton, please take notice!

2.

1  That on August 24, 2008, or soon
2  before, petitioner melechenko warren,
3  may be heard before this Court of the
4  United States District Court for the
5  northern District, U.S. Court house 450
6  Golden Gate Ave. San Francisco, CA.
7  94102-3483; on his 2nd motion to Stay
8  in Abeyance of the exhausted issue
9  to exhaust the unexhausted issues before
10 the California Supreme Court. also to
11 be heard on First Amended petition
12 pursuant to Fed. R. Civ. P. 15. per this
13 Court's order of 7/24/08;

14
15 Affiant Sayeth naught!

16
17
18 (See Exhibit (A) Declaration of
19    melechenko warren.)

20
21
22
23
24
25
26
27
28

1  [illegible]
2  [illegible]
3  [illegible]
4  [illegible]
5  [illegible]
6  [illegible]
7  [illegible]
8  [illegible]
9

10  2. petitioner warren has notified prison officials
11  at Corcoran State prison, on 8/6/08
12  to forward the Sum of five dollars ($5)
13  before this court to pay filing fee.
14  (See Exhibit (C) Declaration of merkelando
15  warren. This court should be in receipt
16  of the Sum of $5.00 Sent by prison
17  officials of Corcoran State prison.
18

19  2. petitioner warren, will now show
20  cause why a Stay of Abeyance
21  Should be issued by this court for
22  petitioner warren, to exhaust the issues
23  of (1). Ineffective assistance of Trial Counsel
24  on Record here. (2.) New Evidence not
25  presented to the jury, that substantiates
26  petitioner warrens innocence of being
27  the perpetrator against Kevin webb

28

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 8-72)
85 34769

3. petitioner warren will now
clarify for the court's misinterpre-
tation of the Batson v Kentucky, case,
which is the only exhausted claim
before the California Supreme court
filed by petitioner's Appointed Counsel
George L. Schraer, who filed petition for
review on this issue before the California
Supreme Court on 9/18/06 and a Ruling
was entered on 10/25/06, by the California
Supreme court Denying the petition
without opinion on the merits of the
federal constitutionality of the claims
(See exhibit (I)(1) California Supreme
Court opinion.)

4. petitioner warren will now clarify, for this
courts misconceptions, of the issues
previously filed by petitioner, warren
of his early pleadings filed before this
court. petitioner's sister Ercella warren, tried
to notify appellant counsel George Schraer, about
the medical records she received from hospital,
(See exhibit (B)) Trial counsel failed to present
expert testimony, of Dr. Virgil Williams
and two other physicians
who would have testified
that they perform surgery on petitioner

4

1. warren's knee, placing him in a full
2. leg cast on the dates of 8/30/96 there
3. 9/17/96 when the cast was eventually
4. removed from petitioners leg, there by
5. establishing an affirmative fact
6. for petitioner, warren, that he was not the
7. person who committed the crime against, Trial
8. Reina Webb, on, 9/11/96; Instead Trial
9. Counsel Richard Hove, chose to present,
10. witnesses, whos testimony, was determined
11. by the jury, to be inconsistent, (see
12. RT 705 - 708) Trial counsel's tactical approach was
13. prejudicial, to petitioner, warren, because
14. the prosecution argued before, the trial.
15. court, when the new evidence, came in
16. before, the court, Sentin
17. by Kirkland resulted
18. where Trial counsel, motion the court
19. for a "new Trial" pursuant to California
20. Penal Code Sec 481, arguing the "new"
21. Evidence of petitioner, warren being in
22. a cast, would establish he was not the
23. perpatrator of the crime against, Reina
24. webb (RT 807 - 810)
25. The prosecution argued that
26. Defense counsel had opportunity, to
27. present expert testimony, of De virgil
28. williams, and the two additional physicians

5

1  which petitioner warren, now presents
2  before this Court, in the Amended
3  Petition, as "new evidence". The
4  prosecution convinced the Trial Judge
5  that defense counsel had opportunity
6  to confirm the medical Records sent
7  in by Highland Hospital that petitioner
8  warren was in a cast, by presenting
9  corroborating expert testimony of
10  Dr. virgil williams, however, defense
11  Counsel chose not to execute that
12  tactical discretion and chose to rely
13  on non expert testimony of witnesses
14  who's testimony the jury found
15  uncredible. (RT NS-708) The Trial
16  Judge, thereby, considered the prosecution
17  's point, and there by ruled in the prosecution
18  's paper, denying petitioner warrens
19  "new Trial" motion on the basis, of
20  the non expert testimony was incon-
21  sistant. (See RT 705-708) Trial defense
22  counsel had an opportunity to present
23  three expert physicians, to confirm
24  the new evidence, now presented
25  before this court that petitioner warren
26  was wearing a cast the day of the
27  crime against Reina week (see RT
28

6

1  and could not have been the perpetrator;
2  it is transparent, that this Court could
3  glean from the trial record that the trial
4  Judge did not "abuse his discretion"
5  with regard to petitioner Warren's
6  "new" trial motion, submitted by his
7  Attorney. For, the mere fact, the trial
8  Court's ruling was based on, the non
9  expert testimony, presented before the
10  jury. (RT 705-708) nevertheless, The
11  prosecution was surprised when they
12  were in receipt of defense counsel's
13  evidence of the medical records,
14  disclosing the information of petitioner Warren
15  being in a cast, during discovery. That
16  Dr Vergil Williams,
17                   Confirming petitioner Warren
18  was in a cast for the months of 8/30/96,
19  thru 9/17/96 when the cast was actually
20  removed, from petitioner Warren's leg.
21  That none of the expert doctors would
22  be testifying before the court, So despite
23  the incessant delay, by Highland Hospital
24  to forward the medical records when,
25  subpoened by defense counsel Richard
26  Foule, his failure to pursue two additional
27  physicians that, would confirm the new
28  evidence before this Court deprived

7

1 petitioner witness, to present the
2 evidence, that he was in a cast.
3 Defense counsel had the options of
4 securing expert testimony of all three
5 physicians that treated petitioner's
6 leg with a cast and he chose the latter
7 of non-expert testimony. Defense
8 counsel Richard Hall's tactical
9 discretion, to present non-expert
10 testimony, instead of expert testimony,
11 who incompetant of the attorney, that
12 should always preserve in his defense
13 arsenal. The fact that both the prosecution
14 and the judge determined that petitioner's
15 warren motion for new trial
16 should not be granted
17                    was based on the non-
18 expert testimony, moreover, the prose-
19 their testimony, inconsistancies in
20 cutions objection that defense counsel's
21 motion for new trial should be denied
22 was based on defense counsel's failure
23 to pursue further expert testimony, of
24 three physicians that treated petitioner's
25 leg with a cast, when initially the
26 prosecution was notified of this
27 information during discovery.
28 Therefore, defense counsel was

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 8-72)

85 34769

1  Ineffective in his Representation
2  of Petitioner Warren Neal.

3
4  cause now shown, of petitioner
5  warren's failure to exhaust this
6  issue before filing the federal
7  petition, before this court

8
9              On 1/10/06 petitioner warren's
10 Sister Orcella Warren, came in
11 receipt of medical Reports, Sent by
12 Highland Hospital medical depart-
13 ment, disclosing documentation of
14 Doctor Virgil Williams, and two other
15 physicians that Surgically placed
16 a full leg cast on Petitioner warren's
17 injured knee. After persistant
18 contacts made by orcella warren. (See
19 Exhibit (F) Affidavit of Orcella A Warren.)
20 Sence november of 2005
21                     throughout January 2006
22 Highland Hospital, eventually failed the
23 medical Records, comprised of "new"
24 evidence that reveals petitioner warren
25 was in a full leg cast, the day of the
26 crime against Reina Webb. (See Exhibit
27 (F) Affidavit of orcella A warren.)

28

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 8-72)

85 34769

1  On 7/31/07, Orcella Warren, Swore to
2  the following information, before
3  a notary of public official, Felicia E.
4  Taylor, Commissioner #158996 & before
5  Alameda County of California, that Orcella
6  Warren is the Sister of petitioner Warren
7  and her involvement, was to procure
8  the medical Reports. She declared her
9  own Participation in the trial, and
10  that She was certain that during
11  September of 1996, petitioner Warren's
12  leg, was in a Cast until the middle of
13  the month of September. (See Exhibit A)
14  She further declared, that she followed
15  the progression of the trial when she talked
16  with petitioner Warren, on the phone.
17  and his Trial Attorney, Richard Dove
18  She Stated, She was aware that petitioner
19  Warren and defense counsel Dove, were
20  trying to Show that, the Victim, Reina
21  Webb, had misidentified petitioner Warren
22  She further declared, Trial Attorney Richard
23  Dove, had unsuccessful sought any records
24  from Highland Hospital medical Depart-
25  ment, which illustrated petitioner Warren's
26  leg was in a cast until 9/17/1996. when
27  petitioner Was convicted by the jury

10.

and Sentenced. On appeal followed,
under the direction of Appellate Counsel
George L. Schaeffer, who orcella warren
declared she Sought, contact periodically
monitoring petitioner warren's case,
She further declared of her own volition
to find records that, would establish
petitioner warren's medical conditions
for the month of September 1996, She
further declared, that she made contact
with Highland Hospital medical Dept in
november of 2005 throughout January
2006 and appraised them she was acting
on petitioner warren's behalf, and requested
that the hospital personnel conduct a Search
of their Record Storage
                    System, for any records
relating to their 1996 treatment and care
of petitioner warren regarding his admiss-
ion for Knee Surgery. orcella warren,
further declared she received a Fax on
1/10/06 from Highland hospital's medical
Dept Confirming medical Reports from
Highland medical Dept, confirmed that
petitioner warren was in a cast, rental
9/17/96. She further, Suade the first person
she informed was Trial defense Counsel
Richard Searle, who initially sought the

11.

1  record through Supeena duce testum
2  but the medical record was not
3  sent to the court until petitioner
4  Warren, appeared before the trial court
5  for sentencing (see RT 922-923) defense
6  counsel Richard Hove, informed Orcella
7  Warren, that the records, would only be
8  good if petitioner warren's appeal, requiring
9  a retrial of the charges. Orcella Warren,
10  there by, contacted George Schroes,
11  petitioner warren's, appealing counsel
12  on direct appeal and conveyed the develop-
13  ment to him, and the content of her discussion
14  with trial defense counsel Richard Hove.
15  appeal counsel, George Schroes, informed
16  orcella warren, that petitioner warren's appeal
17  had already been briefed
                    and the medical records
18  could not support the issue on appeal
19  (see Exhibit (#) Following these events,
20  orcella warren, there by, in may of 2006
21  heard from petitioner warren, who
22  called her by phone; During their Conversa-
23  tion, she had explained what had transpired
24  petitioner warren there by, instructed
25      orcella, to process a copy of the
26  information, she had acquired and
27  mail that information, A.S.A.P!

1  to petitioner warren's address; however,
2  due to urgent family work and
3  emergency obligations, orcella warren
4  was not able to send the information
5  to petitioner warren until the first
6  quarter of 2007; orcella then contacted
7  petitioner warren, for the month of
8  July 2007, in which petitioner warren
9  informed orcella by way of phone
10 that he would use that information
11 on appeal. (see Exhibit (A)(see First
12 Amended petition and memorandum
13 of points and authorities attached.)

14  .

15 5.  petitioner warren's claim of "new"
16 evidence to establish his innocense, that
17 he was in a cast the day of the alleged
18 acts against Reina webb, should be
19 considered, based on the fact, that it
20 Reveals, petitioner warren, was
21 fashioned with a cast the day of the
22 alleged crime against Reina webb.
23 There by, establishing petitioner warren's
24 innocense, of being the perpatrator, when he
25 had a full leg cast on, between the
26 months of 7/30/96 thrue 9/17/96 where
27 the leg cast was eventually removed

28                      13.

1  cause is or new shown, why
2  petitioner warren failed to
3  exhaust this issue before filing
4  the federal petition before this
5  court.

7  On 1/10/06 petitioner warren's
8  sister orcella warren, received
9  a fax from Highland Hospital,
10 indicating medical reports, documen-
11 ting petitioner warren was in a full
12 ting, cast for the dates of 7/30/96 thru
13 leg cast for the dates of, there by
14 9/17/96; orcella warren, there by
15 notified trial defence attorney, Richard
16 rave, and appellate attorney, George
17 schraca, about the information, but
18 they failed to take action regarding
19 the matter. (see Exhibit (A) orcella
20 warren, there by, mailed the medical
21 reports, to petitioner warren, of the
22 first quarter of 2007. petitioner
23 warren, being a layman of the law
24 filed several Habeas, pleadings, two
25 of which this court has record of (see
26 Exhibit (M) US District court northern
27 Dist of California, court order of 7/24/08

14.

1  also Exhibit (C) Declaration of
2  melzelando warren.) petitioner warren
3  did not have knowledge of the
4  Statute of limitations, was tolled
5  by the two filings of his Habeas
6  Corpus on this issue, and this
7  federal petition was filed prematurely.
8  (See Exhibit (C) Declarations of
9  melzelando warren.)

10  The merit of this claim
11                 can be reviewed
12  in the First Amended petition and
13  memorandums of points and Authorities
14
15  attached.)

16
17  6. petitioner warren's claim of the Batson
18  Kentucky issue, is the only exhausted
19  issue, before the State's Supreme Court, which
20  initially, was argued by his appellate
21  counsel George Schrer. on Direct
22  Appeal. (See Exhibit (I) California
23  Supreme Court opinion, denying
24  petition of review, without ruling
25  on the intents of the
26                 Federal Constitutional
27  claim. This Court would like verification
28  on the merits of this issue, and petitioner

15.

1  Warren will now direct the Court's
2  attention to the prosecution's <u>four</u>
3  <u>premptory challenges</u> on the <u>four</u>
4  African American <u>women</u>, in the
5  trial proceedings, for <u>group bias</u>
6  and will show the <u>prosecution's</u> stated
7  reasons, are not <u>supported</u> by the
8  <u>record</u>. And the <u>trial court needed</u>, it's
9  ruling, outside the <u>context</u> of federal
10  law.

11
12       In Summary, <u>Several</u> of the prosecution
13  's Stated, Reasons, for <u>challenging</u>, the <u>four</u>
14  African American women, were
15  <u>unsupported</u> by the <u>record</u>. (see <u>exhibit</u>
16  ( ) <u>Two</u> of the African American women
17  <u>Nedicia Scatliffe's</u> Son was arrested
18  for <u>drunk driving</u>, but a <u>test</u> Showed
19  he was not <u>intoxicated</u> (See 1 ART 105.)
20  <u>Pischia Johnson</u>, the 2nd African
21  American juror's relatives were
22  involved in <u>grand theft</u> and <u>drug</u>
23  offenses (se 1 ART 110.)
24                    These are not <u>crimes</u>
25  of <u>violence</u>; juror no.3' <u>melba</u>
26  <u>Biddings</u> nephew, had been convicted
27  of armed robbery, which is a <u>crime</u>
28  of Violence (See <u>2 ART 261-274.</u>)

COURT PAPER
STATE OF CALIFORNIA
STD. 113 (REV. 8-72)

85 34769

In short, because several of the reasons stated by the prosecutor were unsupported by the record or were implausible, the trial court was required to make, and made, actual findings. These actual findings articulated a single reason, the challenged jurors had friends or relatives involved in crimes of violence. This reason was unsupported by the record because it did not apply to two of the four African American women jurors the prosecutor peremptorily challenged; and because one of the seated jurors had a nephew who had been convicted of armed robbery which is a crime of violence.

All four of the women African American jurors, relatives, were considered crimes of violence. Petitioner Warren asserts the record does not support the trial court's finding that the peremused jurors, relatives had been convicted of violent crimes. (see CT 229, 230, 395, 1296; Medico Scatliffe and Arcola Johnson were two of the original group of prospective jurors. The prosecution exercised his second

17.

1  peremptory challenge against
2  Nickita Scillifle, and his fourth
3  peremptory challenge against Reecha
4  Johnson; immediately, after the
5  prosecutor challenged, Reecha Johnson,
6  petitioner Warren, made a motion
7  under People v Wheeler (1978) 22 Cal. 3d
8  258; and Batson v Kentucky (1986) 476
9  US 79, 106 S.Ct. 1712, 90 L.ed 2d 69; on the
10  ground that the prosecutor was system-
11  atically challenging female African
12  American jurors. The Trial court said
13  "it wished to continue with selection
14  and would hear the motion later." when
15  the Trial court eventually heard petitioner
16  Warren's Wheeler/Batson
17  motion. However,
18  the Trial court denied it, on the grounds
19  According to the court of Appeal's
20  ruling under People v Silva (2001)
21  25 cal. 4th 345, 386, (see p.g. 386); This is
22  a case in which the prosecutor's stated
23  reasons were not inherently implausible
24  or unsupported by the record, and the
25  trial court therefore did not need to
26  make detailed findings and did not
27  do so." The court of Appeals findings
28  are troubling, because the Trial court

18.

1  expressly denied the Wheeler/Batson
2  motion solely on the ground that
3  the four African American women
4  the prosecutor challenged had relatives
5  with contacts with the criminal justice
6  systems involving crimes of violence.
7  In the trial court's words "contact with
8  the criminal justice system is enough
9  to defeat Wheeler." In this case, I
10  believe it does, and the Wheeler/Batson
11  motion is denied." The Court of Appeals
12  concluded that the trial court denied
13  the Wheeler/Batson motion based on
14  all grounds stated by the prosecutor.
15  simply cannot be reconciled with the
16  trial court's express ruling.
16  with deference, it
17  draws appropriate inferences to support
18  the ruling and the appropriate inference
19  is that the trial court viewed the prosecutor
20  as having exercised the challenge in good
21  faith. The trial court, however, did not state
22  it was making some sort of generic,
23  global good faith finding. Instead, it
24  denied the Wheeler/Batson motion based
25  on the four African American women
26  having relatives involved in a crime
27  of violence. Under binding Precedent
28  of Batson, we are now established
19.

# EXHIBIT COVER PAGE

*A*

EXHIBIT

Description of this Exhibit: *Declaration of melodunto warren*

Number of pages to this Exhibit: *2* pages.

JURISDICTION:   (Check only one)

☐   Municipal Court

☐   Superior Court

☐   Applellate Court

☐   State Supreme Court

☒   United States District Court

☐   State Circuit Court

☐   United States Supreme Court

☐   Grand Jury

CSP-Corcoran P.O. Box 3461

1   Corcoran        CA. 93212

2

3   In propria persona

4

5

6

7

8

9

10      United States District Court

11      Northern District of California

12

13

14

15   Mebrelando Warren          Case no. C-08-0754-PJH (PR)

16              petitioner      Declaration of

17                              Mebrelando Warren

18   vs.                        Pursuant to 28 USC

19   Tony Hedgpeth              1746

20   warden    Respondent

21                              US District Judge

22                              Phyllis J. Hamilton

23

24      I Mebrelando Warren, declare the

25   foregoing, That upon my filing of

26   the unexhausted issues of (1.) Ineffective

27   Assistance of trial counsel and (2.) New Evidence

28

                    I,

1  of medical Reports from Highland
2  Hospital. Before exhausting these
3  issues before the lower State courts
4  I was not aware of the Statute
5  of limitations was tolled, and
6  therefore this petition was filed
7  prematurely.
8

20  I declare under a penalty of perjury
21  that the foregoing is true and correct
22  executed on the day of August 19 2008

25  _____
26  Melvonto Warren
         Declarant

2.

DECLARATION OF SERVICE BY MAIL

I, the undersigned, declare the following:

I am over 18 years of age, and a party to the within action.

My address is: *Melrelando Warren V-09970*
*CSP Corcoran P.O. Box 3461*
*Corcoran      CA 93212*

On *8/19/08*, I served a copy of the attached

*Amended petition per the court's*
*order of 7/24/08 pursuant to Fed. R. Civ. p. 15*

On the below-named persons by placing a true copy thereof
in envelope addressed as follows, with first class postage
thereon fully prepaid, and delivering the sealed envelopes,
according to the procedures prescribed for sending legal
mail, to the proper institutional official for deposit
in the United States mail at Corcoran, in the County of
Kings, California.

*United States District Court        Tony Hedgepeth, Warden*
*For Northern District              Respondent Attorney General*
*US Court House                    Edmund G. Brown Jr. Real party Interest*
*450 Golden Gate Ave               office 1300 I St STE 125*
*San Francisco CA 94102-3483       Sacramento CA 94244-2550*

Executed under penalty of perjury this *19* day of
*August*, 200*8*, at Corcoran, California.

*Melrelando Warren*

DECLARANT