UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MELROLANDO WARREN,

        Petitioner,

  vs.

TONY HEDGPETH, Warden,

        Respondent.

No. C 08-0754 PJH (PR)

**ORDER GRANTING PETITIONER'S MOTION FOR STAY AND ADMINISTRATIVELY CLOSING CASE**

    This is a habeas case filed pro se by a state prisoner. An Alameda County jury convicted petitioner of kidnaping and rape with a foreign object. In the initial review order the court denied his motion to stay the case while he exhausted an unexhausted issue, saying that he had failed to show good cause for his failure to exhaust before filing the federal petition and had failed to show that the unexhausted issue was "potentially meritorious." *See Rhines v. Webber*, 544 U.S. 269 (2005) (good cause and potentially meritorious requirements). The court also dismissed one of his issues as presenting only a state law claim, and dismissed the other two with leave to amend to allege facts that would show a real possibility of constitutional error.

    Petitioner has filed an amended petition and also a second motion to stay the case while he exhausts. He has provided enough facts to allege a *Batson* claim, his first issue, and an ineffective assistance claim, the second remaining issue. *See Batson v. Kentucky*, 476 U.S. 79, 89 (1986) (discriminatory use of peremptory strikes violates constitution).

    As to the motion for a stay, he contends that his attorney should have obtained medical records and called a doctor as a witness to establish that petitioner was in a whole-leg cast at the time of the offense and thus was unlikely to have committed it. This is

sufficient to show that the issue is potentially meritorious. And he has said that he was unaware that filing state collateral review actions tolled the running of the statute of limitations, and so filed this petition prematurely. This is sufficient to allege good cause. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416-417 (2005) (recommending that petitioners who fear their state petitions might not be "properly filed" and thus not toll the statute of limitations file "protective petition[s]" in federal court before exhausting; "A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute "good cause" for him to file in federal court.") (per Rehnquist, C.J.).

The second motion for a stay (document number 11) is **GRANTED**. This case is **STAYED** to allow petitioner to present his unexhausted issue in state court, presumably by way of state petitions for habeas corpus. If petitioner is not granted relief in state court, he may return to this court and ask that the stay be lifted.

The stay is subject to the following conditions:

(1) petitioner must institute state court habeas proceedings within thirty days of this order; and

(2) petitioner must notify this court within thirty days after the state courts have completed their review of his claims or after they have refused review of his claims.

If either condition of the stay is not satisfied, this court may vacate the stay and act on this petition. *See Rhines*, 544 U.S. at 278 (district court must effectuate timeliness concerns of AEDPA by placing "reasonable limits on a petitioner's trip to state court and back.").

The clerk shall administratively close this case. The closure has no legal effect; it is purely a statistical matter. The case will be reopened and the stay vacated upon notification by petitioner in accordance with section (2) above.

**IT IS SO ORDERED.**

Dated: September 4, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.08\WARREN754.STAY.wpd

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERLROLANDO N WARREN,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>TONY HEDGPETH et al,<br><br>　　　　Defendant.　　　　　　　　　／ | Case Number: CV08-00754 PJH<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 4, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Melrolando N. Warren V-09970
CSP-Corcoran
3A04-249
P.O. Box 3461
Corcoran, CA 93212

Dated: September 4, 2008

　　　　　　　　　　　　　　　　　　Richard W. Wieking, Clerk
　　　　　　　　　　　　　　　　　　By: Nichole Heuerman, Deputy Clerk