UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

MELROLANDO WARREN,

    Petitioner,

vs.

TONY HEDGPETH, Warden,

    Respondent.

No. C 08-0754 PJH (PR)

**ORDER TO SHOW CAUSE**

This is a habeas case filed pro se by a state prisoner.  An Alameda County jury convicted petitioner of kidnaping and rape with a foreign object.  The case was stayed to allow him to exhaust additional issues in state court.  When petitioner informed the court (erroneously, as it turned out) that he had completed exhaustion, the court lifted the stay and ordered him to file an amended petition containing all his claims.  Petitioner subsequently reported that the California Supreme Court had decided to accept his petition as a petition for a writ of habeas corpus, rather than a petition for review, and was considering it.  After the California Supreme Court denied the habeas petition, petitioner's motion for leave to file an amended petition was granted.  He has filed the amended petition; it is reviewed below.

**BACKGROUND**

An Alameda County jury convicted petitioner of kidnaping and rape with a foreign object.  He was sentenced to prison for sixty-five years to life.  Petitioner unsuccessfully appealed his conviction to the California Court of Appeal and the Supreme Court of California denied review.  His state habeas petitions were denied.

///

**DISCUSSION**

**A.     Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  Habeas corpus petitions must meet heightened pleading requirements.  *McFarland v. Scott,* 512 U.S. 849, 856 (1994).  An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified."  Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.  "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'"  Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970).  "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.     Legal Claims**

As grounds for federal habeas relief, petitioner asserts that:  (1) counsel was ineffective in not putting on expert testimony as to petitioner's physical condition on the day of the rape; (2) new evidence shows that he is innocent; and (3) some of the prosecution's peremptory strikes were discriminatory under *Batson v. Kentucky*, 476 U.S. 79, 89 (1986) (challenging potential jurors solely on account of race violates equal protection).

These claims are sufficient to require a response.

**CONCLUSION**

1.  The clerk shall serve by regular mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California.  The clerk also shall serve a copy of this order on petitioner.

2. Respondent shall file with the court and serve on petitioner, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within thirty days of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fifteen days of receipt of any opposition.

4. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated:  June 16, 2010.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.08\WARREN754.OSC.wpd